1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL KEITH GAULT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. CV 20-10687 PA (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Second Amended Complaint, Defendant's Motion to Dismiss Second Amended Complaint, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Defendant's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

The Court is not persuaded by Defendant's contention that the Second Amended Complaint fails to adequately allege that the officers summoned to subdue Plaintiff in the January 3, 2017 Incident were aware of his mental condition. The Ninth Circuit has repeatedly instructed that "*pro se* pleadings . . . are to be liberally construed on a motion to dismiss." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("[*Ashcroft v. Iqbal*, 556 U.S. 662

(2009)] incorporated the [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."); *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) ("A *pro se* complaint must be 'liberally construed,' since 'a *pro se* complaint, however clumsily pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Liberally construed, the facts alleged in Causes of Action No. 1 and No. 2 adequately state an intentional infliction of emotional distress claim sufficient to survive the pleading stage.

IT IS ORDERED THAT:

(1)  Defendant's Motion to Dismiss Second Amended Complaint is GRANTED IN PART and DENIED IN PART.

(2)  The Motion to Dismiss is GRANTED with respect to Cause of Action No. 3.  The claims and allegations in Cause of Action No. 3 are dismissed with prejudice for failure to state a claim as to the First Set of Continuing Harassment Incidents and dismissed without prejudice for lack of jurisdiction as to the Second and Third Sets of Continuing Harassment Incidents.

(3)  The Motion to Dismiss is DENIED with respect to surviving Causes of Action No. 1 (January 3, 2017 Incident) and No. 2 (January 9, 2017 Incident).  Defendant is ORDERED to file and serve an Answer to Causes of Action No. 1 and No. 2 within fourteen days of the date of this Order.

DATED:  September 30, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE